

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

April 26, 1955

Hon. James A. Bethea, M.D.,
Board for Texas State Hos-
  pitals and Special Schools
Box S, Capitol Station
Austin, Texas

Dear Dr. Bethea:

Opinion No. S-156
Re: Authority to deter-
     mine acceptability
     of items purchased
     by Board of Control
     for State Hospitals
     and Special Schools

You have requested an opinion of this office concern-
ing the authority to determine acceptability of items pur-
chased by the Board of Control for State Hospitals and Spe-
cial Schools.

The applicable provisions of Vernon's Civil Statutes
are as follows:

"Art. 642.  The Board shall contract for all
supplies, merchandise and articles of every des-
cription needed for the maintenance and operation
of such institutions, except those supplies desig-
nated as perishable, and supplies of a special
character, as books for libraries and supplies for
the laboratories and laboratory work and instruc-
tion, and any special supplies for instruction, de-
monstration and research for educational institu-
tions, to be designated as 'Special Supplies for
Educational Institutions'.  The Board shall base
its contracts upon estimates to be furnished the
Board by the superintendents, by the first day of
April of each year, for the entire year."

"Art. 652.  The supplies and articles fur-
nished under all bids and contracts shall be such
as called for by requisition of the superintendents
of the several institutions.  Each article shall be
equal to the sample which is required with the ac-
companying bid."

"Art. 653.  If supplies delivered under contract are not equal to the sample, the superintendent shall refuse to accept them."

"Art. 654.  The estimates upon which advertisements and contracts are made shall as near as practicable state the quantity and quality of the articles and supplies needed."

"Art. 660.  In case of emergency, and where articles are necessary and needed by any institution, and it is impracticable to include them in the annual contract, the superintendent shall make a requisition for same to the Board of Control; and the Board may forthwith purchase such article in the open market."

"Art. 661.  Furniture or equipment for educational institutions shall be of the particular kind and make as requisitioned by such institution and approved by the Board."

In Attorney General's Opinion V-1462 (1952), it was held that "all contracts for the construction of buildings for the various institutions under the management and control of the Board for Texas State Hospitals and Special Schools, and the construction work itself, are subject to review and approval of the State Board of Control".  This opinion was based on the provisions of Article 7047c-1, Vernon's Civil Statutes, which provides that . . . "all contracts made for and the final acceptance in connection with such construction other than the plans and specifications, shall be subject to the review and approval of the Board of Control".  The Legislature has not provided a similar statute with reference to the purchase of supplies for the institutions.  Rather, Article 653 provides that "If supplies delivered under contract are not equal to the sample, the superintendent shall refuse to accept them".

It is, therefore, our opinion that the receiving agent of supplies is the agency of the State to determine the acceptability of items purchased.

## SUMMARY

The agency of the State receiving supplies purchased by the Board of Control is the agency to determine the acceptability of such items.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. C. Davis, Jr.,
County Affairs Division

Enos T. Jones
Reviewer

By *John Reeves*
John Reeves
Assistant

J. A. Amis, Jr.
Reviewer

Robert S. Trotti
First Assistant

JR:zt